# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Leggett and Platt, Inc., | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-04854 |
| v. | ) |
| | ) Judge Charles P. Kocoras |
| United Steelworkers, Local 9777-51 | ) |
| | ) Magistrate Judge M. David Wasserman |
| Defendant. | ) |

## Response of United Steelworkers, Local 9777-51 to Leggett & Platt's Statement of Uncontested Material Facts

United Steelworkers Local 9777-51 ('the Union") hereby responds to the Statement of Uncontested Material Facts submitted by Leggett & Platt ("the Company"). The numbered paragraphs correspond to the paragraphs in the Company's Statement. Each response contains an abbreviated phrase regarding the content of the Company's statement and the Union's response to the full statement.

1. Leggett is a diversified manufacturing Company. Undisputed.

2. Leggett is headquartered in Carthage, Missouri. Undisputed

3. USW Local 97771-51 is a labor organization. Undisputed.

4. The Court has subject matter jurisdiction. Undisputed as the 29 U.S.C. §185. Disputed as to 28 U.S.C. § 1332 for reasons set forth in the Answer.

5. Venue is proper in this judicial district. Undisputed.

6. Charles Arnold is a member of the Union and worked at Leggett's plant in Aurora. Undisputed.

7. Arnold worked a a grinder. Undisputed but immaterial.

8. Arnold worked around "dangerous" machinery. Undisputed but immaterial.

9. Leggett has policies that make Aurora facility a "drug free," zero tolerance" workplace. Undisputed as to Leggett's labels for its policies. Disputed as to the actual content of the policies and as to what Arnold was told about them. Arb. Award at 10, (Company has no right to randomly test employee); Arb. Award at 11 (describing distribution of policy handbook prohibiting "use of marijuana, possession or under the influence ... while at work or on the Company's property); Arb. Award at 25 (Company failed to take action after passage of cannabis law and posted policy proscribing use, possession of or being under influence of marijuana while on Company property or operating company equipment and Company did not inform employees that recreational use could cause discharge); Arb. Award at 26 (company's rules on their face do not prohibit recreational use of marijuana or having metabolites in system and company notice stated that violations "may result in disciplinary action up to and including termination").

10. Leggett's Substance Abuse Policy. Undisputed.

11. Leggett permits marijuana metabolite levels of no greater than 15 ng/ml while working. Undisputed.

12. Leggett requires drug testing for employees involved in workplace accidents that result in injury, property damage or outside medical attention. Undisputed but immaterial. The arbitrator found that the accident in this case did not involve outside medical treatment. Arb. Award at 13, 26-27.

13. Arnold's accident in February 2020. Undisputed but immaterial.

14. Arnold's drug test in February 2020. Undisputed but immaterial.

15-17. Arnold's accident in August 2020. Disputed. The arbitrator found that the accident occurred on August 7. Arb. Award at 12. The Arbitrator credited the grievant's testimony that he was not seriously hurt or injured, but just dazed and startled. Arb. Award at 12. Arnold testified that his supervisor, Roger Shaheen saw the incident. Another supervisor, Victor Pulito called him. Pulito did not testify. Arb Award at 13.

18. Arnold's statements to Pulito. Disputed. The arbitrator specifically found to the contrary. Arb. Award at 13.

19. Arnold went to see his doctor on Monday to receive a return to work note. Undisputed.

20. Arnold underwent a drug screen on August 9th. Undisputed. Disputed as to how long this was after the accident because the accident took place on August 7th.

21. Undisputed.

22. Undisputed, but immaterial. Arnold could have been terminated for refusing to take the test. The Arbitrator found that Arnold would have been foolhardy to do so. Arb. Award, p. 27.

23. Undisputed, but immaterial. There was no evidence or argument that Mr. Arnold was impaired on the night of the incident. Arb. Award, at 24, 27.

24-26. Undisputed.

27. Grievance Procedure in the bargaining agreement. Undisputed as to the language of the agreement and that it contains a grievance procedure. Disputed as to the characterization of

3

the arbitrator's authority. The Arbitrator held that the parties agreed that the arbitrator could frame the issues. Arb. Award at 2

28-29. The first two steps of the grievance procedure. Undisputed but immaterial. Arnold's grievance was filed at Step 3 of the grievance procedure because it was a discharge grievance. Arb. Award at 22.

30.-31. Grievance procedure at the third step. Undisputed.

32. Disputed. The cited material does not support the statement.

33. Undisputed.

34. Undisputed.

35-36. Undisputed but immaterial. The parties agreed to let the Arbitrator frame the issue. Arb. Award at 2.

37-38. The Union's grievance. Undisputed.

39. Partially disputed. The grievance did not contain a statement regarding the Company's right to order Arnold to submit to a drug test. It did refer to the "just cause" provision of the contract, which has a well established meaning in labor relations. Arb. Award at 21 (discussing requirements for proving "just cause" for discharge).

40. Step 3 meeting. Undisputed.

41. Arguments at the Step 3 meeting. Undisputed, but incomplete. The arbitrator found that the Union could not raise the "no-right-to-test theory" because the Company had withheld relevant documents from the Union. Arb. Award at 23.

42. Leggett's refusal to reverse the discharge. Undisputed.

43. The parties held an arbitration on April 29, 2021. Undisputed.

44. The Union raised the "no-right-to-test" theory at the arbitration. Undisputed but incomplete. The arbitrator found that the Union could not raise the "no-right-to-test" theory prior to this point because the Company had withheld relevant documents from the Union. Arb. Award at 23.

45. The Union's arguments at the arbitration. Undisputed

46. Leggett's arguments at the arbitration. Undisputed.

47. Arbitrator Gallagher issued her decision on June 16, 2021. Undisputed.

48. The Company was surprised when the Union raised the "right-to-test" argument at the hearing. Disputed. The Arbitrator only stated that the Company claimed it was surprised. Arb. Award at 23.

49-50. Arbitrator Gallagher ruled in Arnold's favor and relied on the "no-right-to-test" theory in doing so. Undisputed that Gallagher ruled in Arnold's favor and that one of the reasons was that Leggett had no right to order Arnold to submit to a drug test. Disputed that the "no-right-to-test" theory was the only basis for Gallagher's decision. Gallagher also held that Leggett's Substance Abuse Policy did not allow the Company to discipline Arnold for having marijuana metabolites in his system from recreational use of marijuana and that Illinois law did not allow the Company to discharge Arnold for recreational use of marijuana off duty where there was no evidence of use, impairment or possession and no suspicion thereof in the workplace. Arb. Award at 27.

51. Gallagher did not explain why the Union needed test results for its "no-right-to-test" argument. Disputed. Gallagher noted that the test documents indicated that the test was a random test, not a post-accident test. Arb. Award at 23.

52. The testimony of the Union representative at the hearing with respect to withheld documents. Disputed. Arbitrator Gallagher stated that the Company argued that it had not purposely withheld documents. Arb. Decision at 19.

53-55. Undisputed.

56. Undisputed that the Company presented no evidence as to whether Arnold co-workers who were also involved in the accident were ordered to take a drug test. The second sentence in this paragraph is improper argument without any citation to the factual record.

57. Undisputed that Arbitrator Gallagher also held that the discharge violated Illinois law.

58. Disputed. Arbitrator Gallagher specifically held that the Company had no right to discharge Mr. Arnold for recreational use of marijuana where Arnold was not impaired on the job. She stated: "it is also crystal clear that he never showed any symptoms of impairment at work; he never came to work under the influence; he never used or possessed marijuana at work or on the company premises. The Company had no suspicion he was impaired, and it never accused him of any of these things." Arb. Award at 24. She also stated that the Company posted a statement on August 2, 2020 that had no mention of recreational marijuana use and that only mentioned "the prohibition of use or possession at work or on Company property and while operating company vehicles" and that the statement did not warn workers that recreational marijuana usage could cause discharge. Arb. Award at 25. She concluded: "neither the Company's rules nor its Substance Abuse Policy requires immediate termination of an employee who violates one or the other." Arb. Award at 26.

59. Undisputed.

Respectfully submitted,

/s/Stephen A. Yokich

Dowd, Bloch, Bennett, Cervone
    Auerbach & Yokich
8 South Michigan, 19th Floor
Chicago, Illinois 60603
cellphone: 312-286-6723
fax: 312-372-6599

email: syokich@laboradvocates.com

**CERTIFICATE OF SERVICE**

I, Stephen Yokich, an attorney, hereby certify that I caused the foregoing Response of United Steelworkers, Local 9777-51 to Leggett & Platt's Statement of Uncontested Material Facts, to be filed with the Clerk of the Court using the CM/ECF system of the Northern District of Illinois which will send notification of such filing to all counsel of record on February 4, 2022.

/s/Stephen A. Yokich